NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3107

YVONNE C. JOHNSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Yvonne C. Johnson, of Silver Spring, Maryland, pro se.

Anuj Vohra, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3107

YVONNE C. JOHNSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0831040568-C-1.

_____

DECIDED: December 5, 2008
_____

Before MAYER, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Yvonne C. Johnson appeals the decision of the Merit Systems Protection Board, which denied her petition for enforcement of the December 21, 2004, final order of the board. Johnson v. Office of Pers. Mgmt., No. PH-0831-04-0579-C-1 (M.S.P.B. June 20, 2007). We affirm.

Johnson was married to but separated from Maurice P. Johnson, who was a federal employee from December 12, 1956, until he was removed on May 2, 1980. In 1958, he began contributing to the Civil Service Retirement System (CSRS). After his removal, he requested disability retirement, but it was denied. In 1988, he applied for

and received a refund of his contributions in the amount of $11,616.16. On his application, he certified that he was not married. He died on December 20, 2003. Subsequently, Johnson applied for survivor benefits. OPM notified her that her husband had received a refund of all his contributions, and so no survivor benefits were available to her. She challenged the decision, which OPM affirmed. She then appealed, arguing that OPM should have notified her that her husband had attempted to receive a refund so she could have protected her rights. The board denied her appeal, but this court vacated and remanded so that OPM could reconsider.

We held that OPM had erred by failing to notify Johnson that her husband had requested a refund, and must allow her to demonstrate that she had been prejudiced by the error. Johnson v. Office of Pers. Mgmt., 181 Fed. Appx. 997, 999 (Fed. Cir. 2007). The board then ordered OPM to determine within 60 days what, if any, annuity Johnson would be entitled to, assuming she had objected to her husband's application for a refund.

On remand and in response to a petition for enforcement, OPM determined that Johnson was not entitled to a survivor annuity because her husband had not applied for retirement benefits nor a deferred annuity, and was not a federal employee when he died. It did find, however, that Johnson could have received 50% of the lump sum refunded to her husband, and was prepared to authorize such a payment. Still, Johnson appealed to the board alleging OPM had failed to comply with its order.

In its initial decision, the board found that OPM substantially complied with the order even though it took longer than 60 days to respond to Johnson. This act of noncompliance was excused because the 50% authorization was reasonable based on

her contention that if she had been informed, she would have taken legal steps to protect her interest in the refund, and that a court would have likely awarded her 50%. The full board denied the petition to review the decision. Johnson now appeals to this court.

The scope of our review in an appeal from a decision of the board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The record informs us that the board has committed no legal error.

On remand from this court, the board was required to determine whether Johnson had been prejudiced by OPM's failure to inform her that her estranged husband had requested a refund or whether the error could be disregarded as harmless. While OPM took longer in determining this than the board had demanded, it did indeed determine that Johnson had been prejudiced, and accordingly authorized a payment to her.

Johnson appears to argue that the board has erred by affirming OPM's authorization of payment of a lump sum to her husband, and forgiving it for doing so. However, the only matter before us is what Ms. Johnson is entitled to, and OPM has authorized payment to her. She also argues that OPM did not comply with the order because it did not calculate an annuity entitlement as suggested by the board's initial decision dated November, 22, 2006. She claims therefore that the 2006 initial decision and the June 20, 2007, initial decision are in conflict. However, this court vacated the

2006 initial decision when it remanded the case to the board to determine whether Johnson had been prejudiced. This means the 2006 initial decision is no longer in force. She also argues that the board misrepresented her request in stating that assuming she would have, as she said, taken steps to protect her interest in the refund, a court would have awarded her up to a one-half interest in the refund. She argues that she has always maintained that she was entitled to a survivor's annuity, presumably to the exclusion of merely a one-half interest in the refund. However, the board has determined that she is not entitled to a survivor's annuity because her husband was neither a federal employee nor a retiree at his death. The board has complied with our mandate, and no further relief is available.